CLAY, Circuit Judge, concurring.
CONCURRENCE
I reluctantly concur because I am required to do so by binding case law. However, it is not obvious that the intent of the parties was as clearly expressed as our cases indicate. Indeed, the agreements at issue appear on their face to be ambiguous, and they were drafted prior to the line of cases beginning with the Supreme Court's decision in M & G Polymers USA, LLC v. Tackett , --- U.S. ----, 135 S.Ct. 926, 190 L.Ed.2d 809 (2015), which completely upended the way that our Circuit interprets the vesting of benefits in collective-bargaining agreements. I believe that the Court should permit the admission of extrinsic evidence in this case in order to ascertain the intent of the parties. Nonetheless, our cases preclude us from doing so.
Now, at least, the unions and the retirees that they represent are on notice as to what their agreements must say in order to vest retiree healthcare benefits. Although it seems less than fair to impose this new, heightened standard upon these retirees, that is what the cases require, and I therefore reluctantly concur in the majority opinion.